## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH WILLIAMS<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. _____ |
| BLACK & DECKER (U.S.) INC.,<br>THE BLACK & DECKER<br>CORPORATION, DELTA<br>INTERNATIONAL MACHINERY<br>CORP. AND DELTA POWER<br>EQUIPMENT CORPORATION<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Joseph Williams ("Plaintiff"), complaining of Black & Decker (U.S.) Inc., The Black & Decker Corporation, Delta International Machinery Corp., and Delta Power Equipment Corporation collectively referred to as ("Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

## PRELIMINARY STATEMENT

1.  This is an action for damages arising from the severe and disfiguring personal injuries suffered by Plaintiff while operating a table saw designed, manufactured, sold and distributed by Black & Decker (U.S) Inc., The Black

& Decker Corporation, Delta International Machinery Corp., and Delta Power Equipment Corporation (collectively the "Defendants").

2. At the time of the injuries, Defendants were fully aware of safer design alternatives, including an improved design for the guard mechanism, and "European" riving knife and a flesh detecting braking device. Had the stable saw manufactured, sold and distributed by Defendants employed one or more of these design improvements, Plaintiff's injuries would have been substantially mitigated, or avoided all together.

3. Rather than employ those safer alternatives, Defendants colluded with their competitors and others in the power tool industry to keep those safer alternatives off the market. By agreeing not to employ such safer alternatives, Defendants, and their competitors, attempted to assure that those alternatives would not become "state of the art," thereby attempting to insulate themselves from liability for placing a defective product on the market.

## PARTIES

4. Plaintiff, Joseph Williams, is an individual who resides in Harris County, Texas. The Southern District of Texas has jurisdiction.

5. Defendant, Black & Decker (U.S.) Inc., is a corporation that is incorporated under the laws of the State of Maryland and has its principal place of business at 701 E. Joppa Road, Towson, Maryland 21286. This defendant

2

may be served with process by serving its Registered Agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

6.    Defendant, The Black & Decker Corporation, is a corporation that is incorporated under the laws of the State of Maryland and has its principal place of business at 701 E. Joppa Road, Towson, Maryland 21286. This defendant may be served with process by serving its Registered Agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

7.    Defendant, Delta International Machinery Corp. is a corporation that is incorporated under the laws of the State of Minnesota and has its principal place of business at 701 E. Joppa Road, Towson, Maryland 21286. This defendant may be served with process by serving its Registered Agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

8.    Defendant Delta Power Equipment Corporation is a corporation that is incorporated under the laws of the State of South Carolina and has its principal place of business at 5530 Airport Road, Anderson, South Carolina 29626. This defendant may be served with process by serving its Registered Agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## JURISDICTION & VENUE

9.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(a)(1). Complete diversity of citizenship exists because the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

10.   This court has personal jurisdiction over Defendants because Plaintiff's claims arise from Defendants:

    a.   Transacting business in the State of Texas;

    b.   Contracting to supply services or things in the State of Texas;

    c.   Causing tortuous injury by an actor or omission in the State of Texas;

    d.   Causing tortuous injury in the State of Texas by an act or omission outside of the State of Texas and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the State of Texas.

11.   This court also has personal jurisdiction over Defendants because the Defendants are authorized to do business, and are doing business, in the State of Texas.

12.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) in that all the events or omissions giving rise to the claim occurred in this District.

## CONDITIONS PRECEDENT

13.   All conditions precedent to recovery have been performed or have been waived.

## FACTS

14.   This suit arises out of the serious and permanent personal injuries suffered by Plaintiff due to the wrongful conduct of Defendants in designing,

manufacturing, distributing, and selling Delta table saws (the "Delta Saw"), Model TS200LS, Serial No. 051147.

15.    The Delta Saw as manufactured and sold by Defendants, contains a number of design and/or manufacturing defects that render it dangerous when used in ordinary and foreseeable ways. These defects include, but are not limited to, the failure to equip the Delta Saw with a user-friendly blade guard, and the failure to equip the Delta Saw with precaution applications.

16.    The Delta Saw, like all table saws sold in the United States, is required to be sold with a blade guard.  However, the blade guard on the Delta Saw is extremely difficult to use and must be removed for a user to make certain ordinary and foreseeable cuts with the saw.  Once removed, it is extremely difficult to reattach the blade guard.  Thus, it is common practice for users of the Delta Saw to either assemble the saw without the guard or to remove the guard and leave it off permanently.  This common and widespread practice by users was well known by Defendants, yet Defendants made no effort to improve the design of the guard to make it more user friendly until required to do so by recent changes to industry-wide safety standards.

17.    The Delta Saw also comes with a splitter or spreader attached to the guard that is designed to prevent kickbacks while cutting.  A kickback is often the result of the table saw blade being pinched by the wood as it is being cut. The back of the saw blade can cause the wood to jerk or kick back at a high velocity into the user, causing the user's hands or fingers to land on the saw

blade or to be pulled into the spinning blade of the saw, often leading to permanent and catastrophic injuries. Kickbacks are a common and well-recognized phenomenon of which Defendants had actual knowledge at the time the Delta Saw was designed, manufactured, distributed, and sold.

18. Defendants designed the splitter or spreader of the Delta Saw to be attached directly to the guard. When the guard is removed, as is customary and known by Defendants, no kickback protection is provided to the user. Because it relied upon such a splitter or spreader design, the Delta Saw was unreasonably dangerous as designed and manufactured.

19. Defendants have known for many years that kickbacks can be substantially reduced or eliminated by using a riving knife rather than a spreader or splitter. A riving knife is a small piece of metal that sits behind the blade and rises and falls with the blade. Even if the guard is removed, the riving knife remains in place, protecting the user from dangerous kickbacks. Riving knives have been used for decades in Europe and are required on all power table saws sold in Europe. Riving knives have now become required safety equipment for table saw in the United States, pursuant to industry-wide safety standards recently adopted.

20. The Delta saw used by Plaintiff was not designed, manufactured, or sold with a riving knife. Had Defendants used this safer alternative design on the Delta Saw, Plaintiff would not have been injured, or at the very least, his injuries would have been substantially reduced. Because it was designed and

built without a riving knife which design was available, economical, and widely-known at the time, the Delta saw was unreasonably dangerous as designed and manufactured.

21.    At the time of the manufacture, other technology was commercially available and economical that would have eliminated or reduced Plaintiff's injury. Such technology, known as SawStop, stops the spinning blade almost instantly upon contact with human skin. This technology was presented to Defendants prior to the date of manufacture of the Delta Saw, but Defendants refused to incorporate this safety feature and instead—upon information and belief—explained to the developer of the SawStop safety technology that "Safety doesn't sell."

22.    On or about March 13, 2013, while using the Delta Saw in Harris County, in the reasonable, foreseeable and intended manner for which it was designed and manufactured, Plaintiff suffered severe and permanent personal injuries caused by contact between his person and the saw's rotating blade. At the time of his injury, Plaintiff was acting reasonably and exercised due care for his own safety.

## CAUSES OF ACTION

### COUNT 1 – STRICT PRODUCT LIABILITY

23.    Plaintiff re-asserts the allegations in Paragraphs 1-22 and incorporates them herein by reference.

24.   The condition of the Delta Saw made it unreasonably dangerous for its intended use. Plaintiff was a user of the Delta Saw and was unaware of the defect and used the Delta Saw in a reasonable, foreseeable and intended manner. The injury suffered by Plaintiff was the exact type of substantial harm that can be caused by a defective table saw.

25.   The Delta Saw failed to perform as safely as an ordinary consumer, such as Plaintiff, would expect when used in its intended or reasonably foreseeable manner. The benefits—economic or otherwise—of the design of the Delta Saw, as manufactured and sold by Defendants, do not outweigh the risk of extreme danger and severe injury inherent in such design. Defendants could—and should—have used a safer alternative design when manufacturing the Delta Saw. Safer alternative designs existed and were commercially available at the time the Delta Saw was manufactured, and the incorporation of said designs would not have substantially impaired the Delta Saw's utility or marketability. These alternative designs were economically and technologically feasible at the time the product was designed and manufactured by Defendants.   The Delta Saw's defective design was a proximate cause of Plaintiff's injuries and damages.

26.   The defective condition of the Delta Saw was a legal cause and proximate cause of Plaintiff's injury and of his resulting physical pain, mental anguish, physical disfigurement, physical impairment, medical care and treatment, and loss of his ability to engage in his usual and normal daily activities.

27. For these reasons, Defendants are strictly liable under Texas product liability law, without regard to proof of negligence or gross negligence.

## COUNT 2 - NEGLIGENCE

28. Plaintiff re-alleges the allegations in Paragraphs 1 through 27 and incorporates them herein by reference.

29. Defendants had a duty to exercise reasonable care, and comply with the then existing standard of care in the design, manufacture, marketing, testing, inspection, and distribution of the Delta Saw.

30. Defendants failed to exercise ordinary care, and deviated from the then existing standards of care, in the design, manufacture, marketing, testing, inspection, sale and/or distribution of the Delta Saw. Thus, Defendants were negligent in all of these areas.

31. As a direct and proximate cause of Defendants' failure to exercise due care and Defendants' breach of the standard of care, Plaintiff sustained severe injuries and suffered physical pain, mental anguish, physical disfigurement, physical impairment, medical care and treatment, and loss of his ability to engage in his usual and normal daily activities.

32. Had Defendants exercised due care and complied with the standard of care, Plaintiff would not have been injured.

33. Furthermore, Plaintiff's injury resulted from Defendants' gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Codes section 41.003(a).

34. Defendants' acts or omissions, when viewed objectively from the Defendants' standpoint at the time, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

35. Defendants had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, or welfare of others.

### COUNT 3 – BREACH OF IMPLIED WARRANTY OF FITNESS

36. Plaintiff re-alleges the allegations in Paragraphs 1 through 35 and incorporates them herein by reference.

37. Defendants impliedly warranted, pursuant to Section 2.315 of the Texas Business and Commerce Code, that the Delta Saw and its component parts were merchantable, safe and fit for the particular purpose of safely cutting wood. Plaintiff is a consumer, and Defendants are merchants with respect to the goods that caused Plaintiff's injury. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Defendants. Defendants breached these warranties to the Plaintiff.

38. Defendants had reason to know the particular purpose for which the Delta Saw was to be used. Defendants had reason to know that the buyer or supplier was relying on the skill and judgment of Defendants to select or furnish suitable products. The product supplied by Defendants was unfit for the particular purpose for which it was purchased. This lack of fitness for the

product's purpose was a legal cause and proximate cause of Plaintiff's injuries and his resulting damages, and Defendants are liable to Plaintiff for breach of the implied warranty of fitness.

## DAMAGES

39. Plaintiff re-asserts the consistent allegations in paragraphs 1-38 and incorporates them herein by reference.

40. Plaintiff re-alleges the wrongful acts of the Defendants set forth above were a legal cause of Plaintiff's injuries and damages. Plaintiff seeks all actual damages available under Texas law including, without limitation: (a) damages for physical pain, mental anguish, physical disfigurement, and physical impairment; (b) damages for medical care and treatment; (c) damages for loss of Plaintiff's ability to engage in his usual and normal daily activities; and (d) other damages as provided by law.

41. Furthermore, Defendants were grossly negligent in that they were aware of the risk posed by the defective condition of the Delta Saw, including the fact that the guard provided with the saw was inadequate.

42. Defendants were also aware that there was an extreme degree of risk, considering the probability and magnitude of the potential harm to others, in designing, manufacturing and selling the Delta Saw in its defective condition.

43. Defendants nonetheless proceeded to design, manufacture and sell the Delta Saw with conscious indifference to the rights, safety or welfare of others who might be harmed by the Delta Saw.

11

44.     Plaintiff suffered severe personal injuries as a result of Defendants' gross negligence and is therefore entitled to punitive damages in an amount to be determined at trial.

## MISNOMER/ALTER EGO

45.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## PRAYER

WHEREFORE, premises considered, Plaintiff demands a jury trial and prays that the Court enter judgment against Defendants for the damages set forth herein as well as post-judgment interest and costs of suit and that the Court grant Plaintiff such other and further relief to which he may be justly entitled.

Respectfully submitted,

COOK & ANDERSON LAW FIRM, PLLC

*/s/ David M. Anderson*
David M. Anderson
State Bar No. 24064815
Federal I.D. 985644
Andrew C. Cook
State Bar No. 24057481
Federal I.D. 976434
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
anderson@ccatriallaw.com
cook@ccatriallaw.com

**COUNSEL FOR PLAINTIFF**